# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3425

_____

Dakota Industries, Inc.,

          Appellant,

  v.

Dayton Hudson Corporation,

          Appellee.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the District
of South Dakota.

[UNPUBLISHED]

_____

Submitted:  June 10, 2002

Filed:  June 20, 2002

_____

Before BOWMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

In 1972, Dakota Industries, Inc., a manufacturer of snowmobile suits, ski pants, and other outer wear, received a federally registered trademark for the mark "Dakota." Dakota Industries entered into a licensing agreement allowing M. Fine & Sons to use the "Dakota" trademark on men's and boys' jeans.  Under the agreement, M. Fine manufactured and sold jeans with labels bearing the words "Dakota" and "Dakota Blues."  In 1989, retailer Dayton Hudson Corporation began selling women's denim clothing made by Dakota Blue Corporation bearing the name "Dakota Blue."  Dakota Industries sued Dakota Blue and the jeans' distributor for trademark infringement.

The lawsuit ended in a consent judgment barring Dakota Blue from selling any "Dakota Blue" garments.

Dakota Industries then brought this action against Dayton's seeking damages and a permanent injunction for Dayton's alleged advertisement and sale of garments in violation of the "Dakota" trademark. The district court* held Dakota Industries could pursue only equitable remedies against Dayton's because the doctrine of laches barred any claims against them for damages. After a bench trial, the district court entered judgment for Dayton's. To obtain an injunction, Dakota Industries had to show, among other things, that it would succeed on the merits of its trademark infringement claim. The district court concluded Dakota Industries could not do so because there was no likelihood of confusion, deception, or mistake by an appreciable number of ordinary buyers about the source of the two marks. The court found that although the marks were similar and the clothing products were closely related, the "Dakota" mark was relatively weak, there was no evidence of intent to infringe by Dayton's, there was no evidence of actual confusion by consumers, and there was no danger of confusion by buyers of blue jeans. The court also found that even if Dakota Industries had shown actual success on the merits, a permanent injunction would be moot. Dayton's has not sold the jeans since 1993 and the consent judgment bars Dayton's from selling them in the future, so an injunction is unnecessary to prevent Dayton's from violating the "Dakota" trademark.

On appeal, Dakota Industries argues the district judge committed error in refusing to recuse herself, the court confused trademark with trade dress, an injunction would not be moot, and a jury trial should have been allowed on damages. With respect to an earlier trial on a separate false advertising claim, Dakota Industries contends the court improperly excluded evidence and erroneously submitted a special

*The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

-2-

verdict form to the jury. Having carefully reviewed the record, the briefs, and the applicable law, we affirm the district court.

The district judge did not abuse her discretion in declining to recuse herself. While the district judge was U.S. Attorney, the government brought two actions against Dakota Industries, but the judge's impartiality was not seriously at issue. The district court applied the correct legal standards in analyzing the trademark infringement claim, and substantial evidence supports the court's finding that there was no likelihood of confusion. The court properly concluded that even if an infringement occurred, the record showed injunctive relief was moot. The district court also correctly granted Dayton's motion for summary judgment dismissing Dakota Industries's claim for damages because Dakota Industries had unreasonably delayed for nearly ten years in pursuing that claim and the undisputed evidence showed the delay prejudiced Dayton's. The remaining issues are not properly before us, but they fail on the merits anyway. During the jury trial on the false advertising claim, the district court did not abuse its discretion in making evidentiary rulings and properly submitted a special verdict form to the jury.

We thus affirm the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.